UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

IVAN WHITE,                          :
     Plaintiff            :
                                     :
     v.                   :   CASE NO. 1:16-CV-675
                                     :
DARRELL WIREMAN, *et al.*,           :
     Defendants           :


*M E M O R A N D U M*

I.        *Introduction*

          Presently before the court is the report (Doc. 13) entered by Magistrate

Judge Joseph F. Saporito, Jr., recommending that certain claims contained in Plaintiff Ivan

White's eleven-count complaint (Doc. 1) be dismissed with leave to amend.  The report

follows Defendants' motion to dismiss, (Doc. 5), which sought dismissal of six of the

eleven counts in the complaint.  Plaintiff has raised multiple objections to Judge Saporito's

report.  (See Doc. 14).  For the following reasons, the court will sustain in part and

overrule in part Plaintiff's objections.

II.       *Background*[1]

          Plaintiff is an inmate at the State Correctional Institution in Huntingdon,

Pennsylvania.  (Doc. 1 ¶ 3).  He filed this civil rights lawsuit claiming that multiple

_____

[1] The following facts are taken from Plaintiff's complaint and, along with all reasonable inferences
that can be derived from them, are viewed in a light most favorable to him, as is required at the
motion-to-dismiss stage.  Hartig Drug Co. v. Senju Pharm. Co., 836 F.3d 261, 268 (3d Cir. 2016)
(citation omitted).

Department of Corrections employees violated his constitutional rights and several provisions of the Civil Rights Act of 1964, 42 U.S.C. §§ 1981–2000h-6. A thorough summary of Plaintiff's allegations is provided in the report from Judge Saporito, (see Doc. 13 at 2-7), and will not be repeated here.

The following claims are currently at issue: (Count 1) alleging that defendants Duvall, Smith, and Eckard violated Plaintiff's right to testify and give evidence under 42 U.S.C. § 1981 as well as his rights under the First Amendment's Free Speech Clause, both made actionable by 42 U.S.C. § 1983; (Count 2) alleging that defendants Duvall, Dunkle, Smith, and Eckard conspired to deter Plaintiff from testifying freely in federal court in violation of the First Amendment's Free Speech Clause (made actionable by § 1983), and in violation of 42 U.S.C. § 1985; (Count 3) alleging that defendants Duvall, Dunkle, Smith, and Eckard violated Plaintiff's First Amendment Petition Clause right to petition the government for redress of grievances, made actionable by § 1983; (Count 4) alleging that defendants Duvall, Dunkle, Smith, and Eckard conspired to violate Plaintiff's First Amendment Petition Clause rights, made actionable by § 1983; (Count 9) alleging that defendants Wireman, Dunkle, and Eckard violated Plaintiff's Fourteenth Amendment Procedural Due Process Clause rights, made actionable by § 1983; (Count 10) alleging that defendants Eckard and Smith knowingly refused or neglected to prevent others from violating § 1985, in violation of 42 U.S.C. § 1986. (Doc. 13 at 11-12).

Judge Saporito recommended dismissing Counts 2, 3, 4, 9, and 10, as well as portions of Count 1, for failure to state a claim upon which relief can be granted. (Id. at 32-33). He also recommended that the court grant leave to amend the claims that were found to be insufficiently pleaded. (Id. at 33).

Plaintiff specifically requests <u>de novo</u> review of the recommendation to dismiss Counts 1, 3, and 9. (Doc. 14 at 1). He also objects to the finding that Counts 2 and 4 fail to adequately plead civil conspiracy claims, and that Count 10 must be dismissed for failure to sufficiently plead the underlying § 1985 claim. (<u>Id.</u> at 2, 15-16). The matter is ripe for disposition.

III.      *Standard of Review*

When a party objects to a magistrate judge's report and recommendation, the district court must review <u>de novo</u> the contested portions of the report. 28 U.S.C. § 636(b)(1)(C); M.D. Pa. Local Rule 72.3. Uncontested portions of the report are reviewed for "clear error on the face of the record." <u>Clouser v. Johnson</u>, 40 F. Supp. 3d 425, 430 (M.D. Pa. 2014) (quoting <u>Cruz v. Chater</u>, 990 F. Supp. 375, 375-78 (M.D. Pa. 1998) (quoting 1983 Advisory Committee Notes to Federal Rule of Civil Procedure 72(b))).

At the motion to dismiss stage, Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of complaints that fail to state a claim upon which relief may be granted. When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." <u>Phillips v. County of Allegheny</u>, 515 F.3d 224, 233 (3d Cir. 2008) (citation omitted).

Federal notice and pleading rules require the complaint to provide "the defendant fair notice of what the . . . claim is and the grounds upon which it rests." <u>Id.</u> at 232 (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)). To test the sufficiency of the complaint, the court conducts a three-step inquiry. <u>See</u> <u>Santiago v. Warminster</u>

Township, 629 F.3d 121, 130-31 (3d Cir. 2010).  In the first step, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'"  Id. at 130 (alteration in original) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009)).  Next, the factual and legal elements of a claim must be separated; well-pleaded facts must be accepted as true, while mere legal conclusions may be disregarded.  Id. at 131-32.  Once the court isolates the well-pleaded factual allegations, it must determine whether they are sufficient to show a "plausible claim for relief."  Iqbal, 556 U.S. at 679 (citing Twombly, 550 U.S. at 556).  A claim is facially plausible when the plaintiff pleads facts "that allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id. at 678.

Courts should grant leave to amend before dismissing a curable pleading in civil rights actions.  See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007).  Courts need not grant leave to amend sua sponte when dismissing non-civil rights claims pursuant to Rule 12(b)(6), id. at 252-53, but leave is broadly encouraged "when justice so requires," FED. R. CIV. P. 15(a)(2).

IV.       Discussion

As stated above, Judge Saporito found Counts 2, 3, 4, 9, and 10 of the complaint, as well as portions of Count 1, to be insufficiently pleaded.  For the sake of clarity, the court will address each claim—and Plaintiff's corresponding objections—in the order they are discussed in Judge Saporito's report.

A.  Count 9: Fourteenth Amendment Procedural Due Process Claims

Both Defendants and Judge Saporito narrowly construe Plaintiff's Fourteenth Amendment Procedural Due Process Clause claims as challenging the adequacy of the prison administrative grievance system and the right to assistance of counsel in

connection with this system. Plaintiff objects to this characterization, and argues that his procedural due process claims encompass more than just the prison grievance system. (Doc. 14 at 4). Plaintiff maintains that he has adequately stated a Fourteenth Amendment due process claim by alleging liberty and property interests of which he was deprived by state actors without any process. (Id. at 3-4). The portions of the complaint discussing the prison grievance system's shortcomings, he argues, are merely facts showing that no process whatsoever was afforded to him before he was deprived of his constitutionally protected interests. (Id. at 4).

Prisoners are not completely stripped of the protections of the Due Process Clause simply because they are incarcerated. Evans v. Sec'y Pa. Dep't of Corr., 645 F.3d 650, 662-63 (3d Cir. 2011). The extent of those protections for prisoners, however, is necessarily more limited than for the average person. See Wolff v. McDonnell, 418 U.S. 539, 556 (1974) (explaining that Due Process Clause rights are subject to "restrictions imposed by the nature of the regime to which [prisoners] have been lawfully committed"). In analyzing a procedural due process claim, "the first step is to determine whether the nature of the interest is one within the contemplation of the 'liberty or property' language of the Fourteenth Amendment." Shoats v. Horn, 213 F.3d 140, 143 (3d Cir. 2000) (citing Fuentes v. Shevin, 407 U.S. 67 (1972)). If no constitutionally protected interest is asserted, the court's inquiry is at an end. Evans, 645 F.3d at 663.

Prisoner liberty interests triggering due process protections come in two forms: (1) the so-called "state-created liberty interest," which occurs when "state statutes and regulations create a liberty interest in freedom from restraint that imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life"; and

(2) the so-called "independent due process liberty interest," which occurs when "severe changes in conditions of confinement amount to a grievous loss that should not be imposed without the opportunity for notice and an adequate hearing."  Id. (quoting Renchenski v. Williams, 662 F.3d 315, 325 (3d Cir. 2010)).  Examples of prisoner property interests that have been found to implicate Due Process Clause protections include funds held in prison accounts, Higgins v. Beyer, 293 F.3d 683, 693 (3d Cir. 2002), an inmate's noncontraband personal property, Hudson v. Palmer, 468 U.S. 517, 520, 533 (1984) (finding intentional destruction of prisoner's noncontraband personal property implicated Due Process Clause, but no constitutional violation if meaningful post-deprivation remedy is provided), and wages earned under state law while working for a private party, Piatt v. MacDougall, 773 F.2d 1032, 1035-36 (9th Cir. 1985).

Here, Plaintiff claims the liberty interests deprived without process include consulting his attorney, testifying fully and freely in court, and observing religious exercises.  (Doc. 1 ¶¶ 141-43; Doc. 14 at 3-4).  He contends that the property interest deprived was "food sufficient for sustenance" that comported with his personal religious beliefs.  (Doc. 1 ¶¶ 141, 143).

Initially, the court agrees with Plaintiff that, as stated, the claims in Count 9 encompass more than a constitutional challenge to the prison administrative grievance system.  Nonetheless, none of the allegedly deprived interests fall under the "liberty or property" interests for prisoners as recognized by Fourteenth Amendment Due Process Clause jurisprudence.  Because Count 9 of Plaintiff's complaint does not implicate any protected liberty or property interest within the meaning of the Due Process Clause, the court's inquiry is over, Evans, 645 F.3d at 663, and Count 9 must be dismissed for failure

to state a claim.  Plaintiff, however, will be granted leave to amend his Fourteenth

Amendment Due Process Clause claim.

B.  <u>Count 1: § 1981 and First Amendment Free Speech Clause Claims</u>

In Count 1, Plaintiff claims that defendants Duvall, Smith, and Eckard

violated 42 U.S.C. § 1981 and the Free Speech Clause of the First Amendment when they

interfered with an attorney-client conference on May 24, 2015, "in retaliation for Plaintiff's

earlier testimony and complaints about violations of his constitutional and statutory rights,

and with the intent and effect of influencing Plaintiff's federal testimony."  (Doc. 1 ¶¶ 115-

16).  Count 1 actually contains three claims: an alleged violation of § 1981 and two

different alleged violations of the First Amendment Free Speech Clause—retaliation and

interference with confidential attorney communication.  Each claim will be addressed in

turn.

*1.  Count 1: Section 1981 Claim*

Plaintiff alleges that defendants Duvall, Smith, and Eckard violated his right

to testify and give evidence under 42 U.S.C. § 1981 by interfering with the May 2015

attorney-client conference with the intent to influence Plaintiff's federal testimony.  In

Count 1's heading, Plaintiff appears to utilize 42 U.S.C. § 1983 as the procedural vehicle

to bring his § 1981 claim against these state actors.  (<u>See</u> Doc. 1 at 23).

Judge Saporito correctly noted that § 1981 was intended to protect against

discrimination based on race or alienage, and that the first two elements of a § 1981 claim

require showing that a plaintiff "belongs to a racial minority" and that the defendants had

the "intent to discriminate on the basis of race."  (Doc. 13 at 14 (quoting <u>Bell v. City of</u>

<u>Milwaukee</u>, 746 F.2d 1205, 1232 (7th Cir. 1984) and <u>Pryor v. Nat'l Collegiate Athletic</u>

Ass'n, 288 F.3d 548, 569 (3d Cir. 2002))).  Because Plaintiff did not allege facts that would show either of the first two elements of a § 1981 claim, Judge Saporito found Plaintiff's § 1981 claim to be insufficiently pleaded.  Judge Saporito also reasoned that Plaintiff failed to state a claim because "all of the defendants to these claims are state governmental officials, and there is no private right of action against state actors under § 1981."  (Doc. 13 at 15 (citing McGovern v. City of Philadelphia, 554 F.3d 114, 121 (3d Cir. 2009) and Zaida v. Amerada Hess Corp., 723 F. Supp. 2d 506, 516 (E.D.N.Y. 2010))).

In his objections, Plaintiff concedes that specific allegations regarding his race—African American—and the defendants' discriminatory animus were not explicitly pleaded, but could be added on amendment.  Plaintiff, however, objects to Judge Saporito's second reason for dismissing the § 1981 claim.  As Plaintiff contends, § 1981 is one of the two sources of rights that were infringed, and § 1983—which was included in the Count 1 heading—is the appropriate vehicle to bring a § 1981 claim against state actors.  This objection is sustained.

It is true that 42 U.S.C. § 1981 itself does not provide a private right of action to enforce the rights guaranteed therein against state actors.  See McGovern, 554 F.3d at 116.  However, 42 U.S.C. § 1983 does provide the means for seeking a remedy against state actors for an infringement of § 1981 rights.  Id. ("[W]hile § 1981 creates *rights*, § 1983 provides the *remedy* to enforce those rights against state actors."); Jett v. Dallas Indep. Sch. Dist., 491 U.S. 701, 731, 735 (1989) (accord).

Judge Saporito's second conclusion regarding the deficiency of Count 1's § 1981 claim is understandable, as Count 1 confusingly combines three causes of action and only mentions § 1983 in the heading.  Moreover, § 1983 is the procedural vehicle

8

needed to bring the First Amendment claims against the state actors (the second and third causes of action alleged in Count 1).

Nevertheless, when construed liberally and in a light most favorable to Plaintiff, the complaint properly sets forth § 1981 as one of the sources of the rights allegedly infringed by the state actors, and Count 1's heading mentions § 1983 as the procedural vehicle to pursue a § 1981 claim against those actors.[2]  Accordingly, Count 1's § 1981 claim falls short only insofar as Plaintiff has failed to properly plead facts showing the first two elements required for such a claim.  Thus, dismissal under Rule 12(b)(6) is required, but leave to amend will be granted to cure these deficiencies.

### 2. Count 1: First Amendment Free Speech Clause Claims

As Judge Saporito noted, Count 1 names Ron Smith as a defendant, but "alleges no conduct whatsoever by Smith in connection with the May 24, 2015, incident upon which Count [1] is based."  (Doc. 13 at 17).  Plaintiff concedes as much in his objections.[3]  (Doc. 14 at 8).  Accordingly, Count 1, and all of the causes of action

---

[2] There is no statute of limitations concern in this case like there was in McGovern, where that plaintiff could no longer utilize § 1983 to bring a claim against state actors for an alleged violation of § 1981 because the two-year statute of limitations for a § 1983 claim had already expired.  See McGovern, 554 F.3d at 115-16.

[3] In taking issue with Judge Saporito's sua sponte recommendation of dismissal of defendant Smith from Count 1, Plaintiff provides a thorough discussion regarding the differences between the screening mandate of 28 U.S.C. § 1915 and that of 28 U.S.C. § 1915A.  (See Doc. 14 at 7 n.3). Compare 28 U.S.C. § 1915(e)(2) (requiring dismissal of in forma pauperis civil cases "at any time" if the court finds a Rule 12(b)(6) pleading deficiency) with 28 U.S.C. § 1915A(a)-(b)(1) (requiring screening for sufficiency of prisoner complaints against governmental entities "before docketing, if feasible, or, in any event, as soon as practicable after docketing").  But because 42 U.S.C. § 1997e(c)(1) also requires the screening of the sufficiency of § 1983 prisoner claims dealing with prison conditions, and does not contain any language regarding the timing of such screening, the sua sponte recommendation of dismissal of the Count 1 claims against defendant Smith was not improper.  See Beenick v. LeFebvre, __ F. App'x __, 2017 WL 1325690, at *2 (3d Cir. 2017) (nonprecedential) (citing Grayson v. Mayview State Hosp., 293 F.3d 103, 109 n.11 (3d Cir. 2002)) (explaining that while § 1915A screening only applies to the initial stage of the litigation, screening for sufficiency under § 1997e(c)(1) is applicable throughout)).

contained therein, must be dismissed as to defendant Smith.  See Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005) ("A[n individual government] defendant in a civil rights action must have personal involvement in the alleged wrongdoing[.]" (first alteration in original)) (quoting Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988)).  Leave to amend this deficiency will be granted.

### a. First Amendment Free Speech Clause – Retaliation

Count 1 also contains a First Amendment retaliation claim.  Plaintiff contends that the named defendants intimidated Plaintiff and interfered with his confidential attorney conference on May 24, 2015, "in retaliation for Plaintiff's earlier testimony and complaints about violations of his constitutional and statutory rights, and with the intent and effect of influencing Plaintiff's federal testimony."  (Doc. 1 ¶ 115).

Judge Saporito found that Plaintiff's complaint sufficiently pleaded the first two elements of a retaliation claim, but failed to properly plead facts to establish the third element, "a causal link between the exercise of his constitutional rights and the adverse action taken against him."  (Doc. 13 at 18 (quoting Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003)).  Because the retaliatory event took place almost four months after Plaintiff's prior testimony (the protected activity), Judge Saporito found that, without any other corroborative evidence alleged, Plaintiff "has failed to allege sufficient facts . . . to plausibly infer a causal link" between the exercise of his constitutional rights and the adverse action taken against him.  (Id. at 20).

Plaintiff appears to argue that because the targeted protected activity was testimony in court, which is rare for prisoners, the time span between the exercise of his constitutional rights and the adverse action was not unreasonable.  (Doc. 14 at 8-9).  He

also contends that because he additionally alleged that the defendants were trying to intimidate him in light of his upcoming future testimony—set to take place four days after the May 24, 2015 attorney conference—the retaliation claim was sufficiently pleaded. (Id.)

A plaintiff can show the causal connection necessary to satisfy the third element of a *prima facie* First Amendment retaliation claim in a variety of ways. The plaintiff could plead facts showing "an unusually suggestive temporal proximity between the protected activity and the allegedly retaliatory action." Lauren W. ex rel. Jean W. v. DeFlaminis, 480 F.3d 259, 267 (3d Cir. 2007). When relying on temporal proximity alone to show causation, the time period between the protected activity and the retaliatory action is often "measured in days, rather than weeks or months[.]" Diede v. City of McKeesport, 654 F. Supp. 2d 363, 377 (W.D. Pa. 2009). A causal connection can also be shown through facts that demonstrate "a pattern of antagonism coupled with timing." Id. If the plaintiff cannot establish causation through either of these methods, he could point to "evidence gleaned from the record as a whole"[4] to infer causation. DeFlaminis, 480 F.3d at 267 (quoting Farrell v. Planters Lifesavers Co., 206 F.3d 271, 281 (3d Cir. 2000)).

Here, as Judge Saporito correctly noted, the facts alleged, even when taken as true and viewed in the light most favorable to Plaintiff, do not adequately plead the causal connection element of a retaliation claim. Simply alleging that the defendants acted "in retaliation for" Plaintiff's earlier protected activity that took place almost four months prior is conclusory and thus insufficient to plausibly state a retaliation claim under the Twombly and Iqbal pleading regime. See Santiago, 629 F.3d at 131-32. Plaintiff also

---

[4] At the pleading stage, although Plaintiff does not have to provide evidence, he does have to present well-pleaded factual allegations showing all elements of a claim. Santiago v. Warminster Township, 629 F.3d 121, 130 (3d Cir. 2010). Presumably, a plaintiff could plead multiple factual allegations from which a court could infer a causal connection between the protected activity and the alleged retaliatory action in order to meet the third method of showing causation.

fails to provide any specific facts regarding the timing or substance of his other "complaints about violations of his constitutional and statutory rights" that allegedly prompted the retaliatory action.  (See Doc. 1 ¶ 115).

The fact that Plaintiff was about to testify in court again several days later does not salvage the retaliation claim.  First Amendment retaliation is necessarily backwards-looking, so the intent to intimidate Plaintiff "going forward," (Doc. 14 at 8), regarding future protected activity is irrelevant to the retaliation claim.  Accordingly, Plaintiff's First Amendment retaliation claims in Count 1 against Duvall and Eckard must also be dismissed for failure to state a claim upon which relief can be granted.  Leave to amend will be permitted.

      b.  First Amendment Free Speech Clause – Confidential Communication with Attorney

Judge Saporito found that Count 1 stated a plausible First Amendment Free Speech Clause claim against Duvall and Eckard in relation to their alleged interference with Plaintiff's communication with his attorney.  As Judge Saporito reasoned, Plaintiff's allegations of defendants' actions in connection with the May 24, 2015 legal conference plausibly state that Duvall and Eckard interfered with or inhibited Plaintiff's "ability to discuss and review confidential information and documents with his attorney, in violation of his First Amendment right to free speech."  (Doc. 13 at 21-23).  Neither party objects to this conclusion, and, upon independent review, the court finds no clear error on the face of the record.  Accordingly, the First Amendment Free Speech Clause claim in Count 1 regarding attorney communication may proceed against Duvall and Eckard.

C.  Count 3: First Amendment Petition Clause Claims

In Count 3, Plaintiff alleges that defendants Duvall, Smith, and Eckard violated his constitutional right to petition the government for a redress of grievances as secured by the First Amendment's Petition Clause, made actionable by § 1983.  According to Plaintiff, the constitutional violations occurred when defendants "intimidat[ed] Plaintiff during conferences with his attorney on August 30, 2014, and May 24, 2015, interfering with those conferences, and compromising their confidentiality[.]"  (Doc. 1 ¶ 121).

Judge Saporito determined that Plaintiff's First Amendment Petition Clause claims failed because Plaintiff did not plead facts showing an "actual injury" as required for stating a Petition Clause claim.  (Doc. 13 at 24).  As Judge Saporito concluded, Plaintiff "has failed to plead any actual injury that he has suffered as a result of the alleged violation of his right to petition for redress of grievances."  (Id. at 25).

Plaintiff concedes that pleading an actual injury is required for Count 3. (Doc. 14 at 9).  He maintains, however, that "injuries are already implicitly stated in the Complaint, as wrongful burdening of the plaintiff's religious practices."  (Id.)  He also appears to argue that other "actual injuries" he suffered include that defendants "impeded his counsel's advocacy for him" regarding the exercise of his religious rights, and that he was unable to benefit from a preliminary injunction denied to another plaintiff in a different lawsuit because Plaintiff was hindered from fully and freely testifying at a hearing in that case. (Id. at 10).

Even if these injuries were explicitly, rather than implicitly, stated in the complaint, they are not the type of injuries contemplated by First Amendment Petition Clause jurisprudence.  As Plaintiff himself acknowledges later in his objections, (see id. at

13

11), Petition Clause injuries require showing prejudice to a nonfrivolous claim in judicial or administrative proceedings.

As the Supreme Court explained in <u>Casey v. Lewis</u>, 518 U.S. 343 (1996),[5] the actual injury requirement is grounded in the doctrine of standing.  <u>Id.</u> at 349.  It requires the plaintiff to show that "a nonfrivolous legal claim had been frustrated or was being impeded."  <u>Id.</u> at 353 (footnotes omitted).  In <u>Jones v. Brown</u>, 461 F.3d 353 (3d Cir. 2006), the Third Circuit explained that the injury must be an infringement upon the plaintiff's constitutional right "in some consequential way." <u>Id.</u> at 359 (citing <u>Casey</u>, 518 U.S. at 349-53).  In other words, the plaintiff must "allege specific prejudice" as a result of defendants' wrongful conduct in order to state a First Amendment Petition Clause claim. <u>Marshall v. Knight</u>, 445 F.3d 965, 968 (7th Cir. 2006).

Here, Plaintiff does not plead any facts that show how defendants' alleged interference with his attorney conferences in 2014 and 2015 caused prejudice to a nonfrivolous legal claim or grievance that Plaintiff desired to assert.  As such, Count 3 must be dismissed for failure to state a claim upon which relief can be granted.  Plaintiff will be afforded leave to amend this count.

### D. <u>Count 2: Conspiracy to Deter from Testifying in Federal Court, in Violation of § 1985 and the First Amendment Free Speech Clause</u>

In Count 2, Plaintiff again combines two different causes of action into one count.  He claims that defendants Duvall, Dunkle, Smith, and Eckard conspired to interfere with his attorney conference on May 24, 2015, to "compromise its confidentiality, or cover up that wrongful conduct . . . with the intent and effect of influencing Plaintiff's federal

---

[5] Although <u>Casey</u> deals specifically with the right of access to the courts, this right "is an aspect of the First Amendment right to petition the Government for redress of grievances."  <u>Woodford v. Ngo</u>, 548 U.S. 81, 122 (2006) (Breyer, J., concurring) (citation omitted).

testimony." (Doc. 1 ¶ 118). According to Plaintiff, these alleged actions violated his civil rights under 42 U.S.C. § 1985, and his rights under the First Amendment's Free Speech Clause (made actionable by § 1983). These claims will be addressed separately.

*1. Count 2: Conspiracy in Violation of § 1985*

Plaintiff's complaint does not specify what subsection of 42 U.S.C. § 1985 the named defendants allegedly violated. From the facts pleaded, however, it can be inferred that Plaintiff is asserting a claim under the first clause[6] of § 1985(2): conspiracy to interfere with and intimidate Plaintiff regarding his federal witness testimony on May 28, 2015. Plaintiff confirms in his objections that he is alleging a violation of the first clause of § 1985(2). (See Doc. 14 at 11-14).

Judge Saporito found that Plaintiff's § 1985(2) conspiracy claim failed for two reasons. First, Plaintiff failed to allege particularized facts that would show an actual agreement between the named defendants to violate Plaintiff's statutory rights. (Doc. 13 at 29). Second, Judge Saporito determined that Plaintiff "has failed to allege any cognizable injury that he suffered as a result," reasoning that Plaintiff did in fact testify on May 28, 2015, and failed to "set forth sufficient facts from which we might plausibly infer that his testimony was actually affected or that the other inmate's case was hindered." (Id.)

Plaintiff objects to both conclusions. He maintains that he has pleaded sufficient facts to show an agreement between the alleged conspirators, (Doc. 14 at 15), and that he has adequately pleaded a cognizable injury under the first clause of § 1985(2),

---

[6] Section 1985(2) has been found to have two distinct clauses or subdivisions. Kush v. Rutledge, 460 U.S. 719, 724-25 (1983).

(id. at 11-14).  Plaintiff's first objection will be overruled, but his second objection sustained.

In order to plead a cause of action under the first clause of 42 U.S.C. § 1985(2) for federal witness deterrence, a plaintiff must allege facts that show "(1) a conspiracy between two or more persons (2) to deter a witness by force, intimidation or threat from attending court or testifying freely in any pending matter, which (3) results in injury to the plaintiff[ ]."  Rode v. Dellarciprete, 845 F.2d 1195, 1206 (3d Cir. 1988) (citation omitted).  Rather than requiring the procedural vehicle of § 1983 to assert a § 1985 conspiracy claim, the civil remedy for a violation of any subsection of § 1985 is found at the end of subsection (3).  Kush v. Rutledge, 460 U.S. 719, 724 (1983); 42 U.S.C. § 1985(3) ("[I]n any case of conspiracy set forth in this section . . . the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.").  A federal witness who alleges a violation of his statutory rights under § 1985(2) is considered to be a "party" with standing to bring a claim under § 1985.  Heffernan v. Hunter, 189 F.3d 405, 411 (3d Cir. 1999).

To sufficiently plead the conspiracy element in a § 1985(2) claim, one of the requirements is to set forth facts showing an agreement between the alleged conspirators. See Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 179 (3d Cir. 2010) (explaining that a party asserting conspiracy must plead "facts that plausibly suggest a meeting of the minds between" the conspirators).  "[A]llegations of a conspiracy must provide some factual basis to support the existence of the elements of a conspiracy: agreement and concerted action."  Capogrosso v. Supreme Court of N.J., 588 F.3d 180,

16

185 (3d Cir. 2009) (citation omitted).  More broadly, for civil conspiracy claims, a plaintiff must allege when the agreement was made, the parties to the agreement, the object of the conspiracy, and the actions the alleged conspirators took in furtherance of that objective.  Id. (citing Shearin v. E.F. Hutton Grp., Inc., 885 F.2d 1162, 1166 (3d Cir. 1989)).

Here, Judge Saporito correctly determined that Plaintiff's complaint is bereft of allegations showing an agreement or mutual understanding between the alleged conspirators named in Count 2.  The portions of the complaint referenced in Plaintiff's objections are unavailing, as they do not show any type of agreement or coordination between the alleged conspirators.  Consequently, Plaintiff's failure to adequately plead the element of conspiracy is fatal to his § 1985(2) claim against Duvall, Dunkle, Smith, and Eckard, and requires dismissal of that portion of Count 2.  Leave to amend will be granted.

Plaintiff's objection to Judge Saporito's second reason for the dismissal of the § 1985(2) claim is sustained.  Although Judge Saporito found that the complaint failed to plead a cognizable injury, the facts alleged do sufficiently state an injury for purposes of the first clause of 42 U.S.C. § 1985(2).

The first clause of § 1985(2), in pertinent part, protects against conspiracy "to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, *freely, fully, and truthfully*[.]"  42 U.S.C. § 1985(2) (emphasis added).  In other words, in order to set forth a § 1985(2) first-clause witness-deterrence injury, an aggrieved party must plead facts that show that the witness was inhibited from attending the court proceedings, or

from testifying freely, fully, and truthfully in the federal action. Plaintiff has met that burden here.

Plaintiff alleges that the defendants' actions in forcing him to use non-contact booth #2 prevented him from "reviewing the exhibits that he intended to testify about at the [May 28, 2015] federal hearing." (Doc. 1 ¶ 71). He further claims that defendant Duvall's interference with the May 24, 2015 conference "substantially prevented [Plaintiff] from giving the testimony that he intended to give at the hearing in federal court on May 28, 2015, and it limited his ability to identify materials entered as exhibits at that time." (Id. ¶ 72).

These facts, taken as true, plausibly show that the defendants' alleged actions inhibited Plaintiff from testifying "freely, fully, and truthfully" at the May 28, 2015 hearing. As such, Plaintiff has adequately pleaded a cognizable injury, and his claim based on the first clause of § 1985(2) is not deficient in this respect.

### 2. Count 2: Conspiracy to Violate First Amendment Free Speech Clause Rights

Plaintiff also alleges that defendants Duvall, Dunkle, Smith, and Eckard conspired to violate his constitutional right to free speech as secured by the First Amendment, made actionable by § 1983. Like Plaintiff's conspiracy claim grounded in § 1985, Judge Saporito found the § 1983 conspiracy claim to be insufficient because the complaint does not allege facts that show an agreement between the alleged conspirators to violate Plaintiff's constitutional rights. (Doc. 13 at 27-28).

The court agrees, and overrules any objection by Plaintiff to the contrary. A conspiracy claim brought pursuant to § 1983 for an alleged constitutional violation requires pleading an agreement and concerted action between the conspirators directed toward an

unconstitutional end.  <u>See</u> <u>Parkway Garage, Inc. v. City of Philadelphia</u>, 5 F.3d 685, 700

(3d Cir. 1983), <u>abrogated on other grounds by</u> <u>United Artists Theatre Circuit, Inc. v.</u>

<u>Township of Warrington</u>, 316 F.3d 392 (3d Cir. 2003).  As discussed above, Plaintiff's

complaint lacks factual allegations regarding agreement or coordination between the

alleged conspirators, and therefore the § 1983 claim in Count 2 regarding conspiracy to

violate Plaintiff's First Amendment rights must also be dismissed.  Plaintiff will be granted

leave to amend.

      D.  <u>Count 4: Conspiracy to Violate Plaintiff's First Amendment Petition</u>
         <u>Clause Rights</u>

      Count 4 of the complaint alleges that defendants Duvall, Dunkle, Smith, and

Eckard conspired to violate Plaintiff's First Amendment Petition Clause rights, made

actionable by § 1983.  Judge Saporito determined that this claim was insufficient because

Plaintiff "failed to plead an actionable underlying violation of his First Amendment [Petition

Clause rights] in Count III," and therefore "he cannot plead a viable § 1983 conspiracy

claim under Count IV."  (Doc. 13 at 28).  Judge Saporito also noted that, as with the other

conspiracy claims in Count 2, this § 1983 conspiracy claim fails because no agreement

between the named conspirators has been pleaded.  (<u>Id.</u>)

      Plaintiff objects and contends that an agreement between the conspirators

was sufficiently pleaded, and that the underlying First Amendment Petition Clause claim

was also sufficiently pleaded.  These objections are overruled.

      As thoroughly discussed above, Plaintiff has failed to adequately plead the

existence of a conspiracy as to the named defendants in Count 2—Duvall, Dunkle, Smith,

and Eckard—the same defendants named in Count 4.  Moreover, as Judge Saporito also

correctly observed, because Plaintiff has failed to adequately allege a viable underlying

First Amendment Petition Clause claim in Count 3, his related § 1983 conspiracy claim in Count 4 necessarily fails as well. See Black v. Montgomery County, 835 F.3d 358, 372 n.14 (3d Cir. 2016) (explaining that in order to successfully plead a § 1983 civil conspiracy claim, the plaintiff must first sufficiently plead deprivation of a constitutional right or privilege). Therefore, Count 4 will be dismissed for failure to state a claim upon which relief can be granted, but leave to amend will be granted.

### E. Count 10: Violation of 42 U.S.C. § 1986

In Count 10, Plaintiff alleges that defendants Eckard and Smith knew that other defendants were conspiring—in violation of § 1985(2)—to intimidate and interfere with Plaintiff in regards to his upcoming federal court testimony. (Doc. 1 ¶ 146). Eckard and Smith allegedly "neglected or refused to act to prevent this deprivation of Plaintiff's right to testify in federal court," even though they had "power to prevent or aid in preventing this deprivation," thus violating § 1986. (Id. ¶ 147).

As Judge Saporito correctly determined, Count 10 is insufficient because it requires the underlying § 1985 violation to be adequately pleaded, which Plaintiff has failed to do. See Clark v. Clabaugh, 20 F.3d 1290, 1295 (3d Cir. 1994) ("[T]ransgressions of § 1986 by definition depend on a preexisting violation of § 1985[.]" (citation omitted)); Brawer v. Horowitz, 535 F.2d 830, 841 (3d Cir. 1976) ("Having failed to state a claim under § 1985(2), a fortiori [plaintiffs] failed to state a claim under § 1986." (citation omitted)). As discussed above, Plaintiff has failed to adequately plead the conspiracy element of his § 1985(2) claim. Consequently, because Plaintiff has failed to state a claim under § 1985, he necessarily has failed to state a claim under § 1986. Leave to amend will be granted.

*V.*        *Conclusion*

Based on the foregoing analysis, Defendants' motion to dismiss (Doc. 5) will be granted in part and denied in part. For the reasons discussed above, Counts 2, 3, 4, 9, and 10 of the complaint will be dismissed for failure to state a claim upon which relief can be granted. All claims contained in Count 1 as to defendant Smith will be dismissed for failure to state a claim. Count 1's § 1981 claim and First Amendment Free Speech Clause retaliation claim will be dismissed for failure to state a claim as to defendants Duvall and Eckard. Leave to amend will be granted for all dismissed claims or portions thereof.

Count 1's First Amendment Free Speech Clause claim regarding attorney communication will be permitted to proceed against defendants Duvall and Eckard as currently stated. Counts 5, 6, 7, 8, and 11, which were neither challenged by Defendants' motion to dismiss nor <u>sua</u> <u>sponte</u> recommended for dismissal, may also proceed as originally pleaded. An appropriate order will follow.

<u>/s/ William W. Caldwell</u>
William W. Caldwell
United States District Judge

21