# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IVAN WHITE, | : |
| Plaintiff, | : Civil Action No. 1:16-CV-0675 |
| v. | : (Judge Mannion) |
| DARRELL WIREMAN, *et al.*, | : (Magistrate Judge Carlson) |
| Defendants | : |

## BRIEF IN SUPPORT OF MOTION FOR LEAVE TO DEPOSE PLAINTIFF

### STATEMENT OF THE CASE

**A.  Identity of the Parties and Statement of Claim:**

Plaintiff is Ivan White, an inmate currently incarcerated within the Pennsylvania Department of Corrections (DOC) at the State Correctional Institution (SCI) at Huntingdon. Named Defendants are Wireman, Houser, Klemm, Kephart, Eckard, Duvall, Dunkle, Smith and DOC. This civil action arose from Plaintiff's stay at SCI-Huntingdon.

Counts 1 through 5 arose from Plaintiff's dissatisfaction with SCI-Huntingdon's attorney-inmate visitation accommodations on 2 occasions. Count 1 alleges a violation of Section 1981. Count 2 alleges a violation of Section 1985. Count 3 alleges a violation of Section 1986. These 3 counts along with count 4 and count 5 are related. They raise a right to give evidence, neglect to prevent

conspiracy, interference with confidential communications and conspiracy claims against Eckard, Duvall, Dunkle and Smith.

Counts 6 through 9 arose primarily from Plaintiff's dissatisfaction with how SCI-Huntingdon handled his December fast. Counts 6 through 9 are related. They raise a free exercise, establishment clause and conspiracy claims against Wireman, Houser, Klemm, Kephart and Eckard.

Finally, count 11 presents a claim against DOC for a violation of RLUIPA due to the December fast issue.

**B.     Relevant Procedural History:**

Plaintiff initiated this civil rights action through counsel on April 22, 2016. DOC Defendants filed their answer with affirmative defenses on April 3, 2018. Fact discovery is currently scheduled to close November 5, 2018.

**C.     Statement of Alleged Facts:**

Plaintiff alleges on August 30, 2014, he and his counsel were placed in a non-contact, non-confidential booth when she visited him to discuss his religious issues. Additionally, Plaintiff's counsel visited Plaintiff as a witness on May 24, 2015 to prepare for a hearing in another case where the same issue regarding attorney-inmate visitation accommodations was to be litigated. Again, the accommodations were unsatisfactory to Plaintiff.

Plaintiff alleges his Muslim beliefs require him to fast only in December. Other Muslims observe the Ramadan fast at varying months throughout the years. Plaintiff claims SCI-Huntingdon accommodates the Ramadan fast but not his December fast. Plaintiff also takes issue with the labeling of food and the denial of a post fast feast.

## QUESTION PRESENTED

Should the DOC Defendants be granted leave to depose Plaintiff?

Suggested Answer: Yes.

## ARGUMENT

**DOC Defendants should be granted leave to depose Plaintiff.**

Fed.R.Civ.P. 30(a)(2)(B) requires that a party obtain leave of court before taking the deposition of a person confined in prison. This limitation applies even if the prisoner is a party to the action. See, *Miller v. Bluff*, 131 F.R.D. 698, 700 (M.D. Pa. 1990)(noting that the inmate plaintiff initiated the lawsuit so "any defendant surely is entitled to take his deposition in conjunction therewith.")(citing *Kendrick v. Schnorbus*, 655 F.2d 727, 729 (6th Cir. 1981)). "It is well established that in civil cases, utmost liberality, in respect to allowing discovery, should prevail in favor of each party against the other party." See, *Rorer International Cosmetics, Ltd. v. Halpern*, 85 F.R.D. 43, 45 (E.D. Pa. 1979)(citations omitted).

DOC Defendants respectfully request leave to depose inmate Plaintiff to fully investigate the remaining claims and prepare their defense. Allowing this deposition will provide the Defendants with the opportunity to gain additional insight into Plaintiff's claims and to assess his credibility and trustworthiness in the event that this case proceeds to a trial. Defendants submit that a deposition of Plaintiff would aid both the Court and counsel in determining the exact scope of this action, and ultimately, in resolving this matter in a timely fashion. Defendant's counsel must conduct the deposition to properly defend his clients.

## **CONCLUSION**

**WHEREFORE**, in light of the foregoing, DOC Defendants respectfully request this Court to grant the Motion for Leave to Depose Plaintiff.

Respectfully submitted,

By: /s/ Vincent R. Mazeski
Vincent R. Mazeski
Assistant Counsel
Attorney I.D. No. PA73795
Pennsylvania Department of Corrections
Office of Chief Counsel
1920 Technology Parkway
Mechanicsburg, PA 17050
(717) 728-7763
Fax No.: (717) 728-0312
Email: vmazeski@pa.gov

Dated: September 26, 2018

### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IVAN WHITE, | : |
| Plaintiff, | : Civil Action No. 1:16-CV-0675 |
| v. | : (Judge Mannion) |
| DARRELL WIREMAN, *et al.*, | : (Magistrate Judge Carlson) |
| Defendants | : |

### **CERTIFICATE OF SERVICE**

I hereby certify that the within Brief has been filed electronically and is available for viewing and downloading from the ECF system by Marianne Sawicki counsel for Plaintiff and therefore satisfies the service requirements under *Fed.R.Civ.P. 5(b)(2)(E); L.R. 5.7.*

/s/ Vincent R. Mazeski
Vincent R. Mazeski
Assistant Counsel
Attorney I.D. No. PA73795
Pennsylvania Department of Corrections
Office of Chief Counsel
1920 Technology Parkway
Mechanicsburg, PA  17050
(717) 728-7763

Dated:  September 26, 2018