# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **IVAN WHITE,** | : | Civil No. 1:16-CV-675 |
| | : | |
| **Plaintiff** | : | **(Judge Mannion)** |
| | : | |
| v. | : | **(Magistrate Judge Carlson)** |
| | : | |
| **DARRELL WIREMAN, et al.,** | : | |
| | : | |
| **Defendants** | : | |

## MEMORANDUM ORDER

### I.  Factual Background

This prisoner civil rights lawsuit is in the midst of pre-trial discovery and comes before us for consideration of three discovery motions. First, we have before us a motion to take the deposition of the plaintiff filed by the defendants. (Doc. 53.) We then have two somewhat contradictory motions filed by the plaintiff which seek to both:(1) stay discovery by the defendants (Doc. 55), while compelling additional discovery on behalf of the plaintiff. (Doc. 60.) The basis for the plaintiff's motions, which would stay the commonplace practice of deposing an inmate plaintiff regarding his allegations while compelling the defendants to produce various materials in response to recent discovery demands made by plaintiff's counsel, is twofold. First, plaintiff's counsel believes that the current

restrictions on inmate mail imposed by the Department of Corrections compel a wholesale stay of discovery until these issues of mail access are resolved, a process which could take weeks, months or even years. In addition, plaintiff's counsel seeks to stay defense discovery and pursue her own course of discovery because she avers that she suffers from PTSD and fears physical intimidation if she enters SCI Huntingdon. These fears have been triggered in part by a recent incident in September of 2018 during which counsel alleges that she was verbally harassed at SCI Huntingdon while attempting to visit another prisoner regarding an unrelated case. Thus, the discovery which White seeks to compel in this case relates solely to this 2018 incident which took place in the another case, and the only rationale for seeking discovery in this case is the plaintiff's assertion that counsel needs discovery in order to support her request for a stay of discovery. Finally, we note that the subpoena which is the subject of this motion to compel calls for production of these materials on October 29, 2018. Therefore, the production deadline for this requested material has not yet passed.

In response to these fears voiced by plaintiff's counsel defense counsel has identified a reasonable array of options which could permit discovery to proceed without further delay. According to defense counsel: "In addition to sending legal mail to and visiting Plaintiff at SCI-Huntingdon, Plaintiff's Counsel can communicate with Plaintiff by telephone. Additionally, Plaintiff could be

2

temporarily moved to SCI-Smithfield for deposition preparation and the deposition. Finally, Plaintiffs' Counsel could prepare by video from DOC Central Office then the deposition can be done thereafter." (Doc. 58, p 4.)

**II.**     **Discussion**

Issues relating to the timing and scope of discovery permitted under Rule 26 rest in the sound discretion of the Court. Wisniewski v. Johns-Manville Corp., 812 F.2d 81, 90 (3d Cir. 1987). Thus, a court's decisions regarding the conduct of discovery will be disturbed only upon a showing of an abuse of discretion. Marroquin-Manriquez v. I.N.S., 699 F.2d 129, 134 (3d Cir. 1983). This far-reaching discretion extends to rulings by United States Magistrate Judges on discovery matters. In this regard:

> District courts provide magistrate judges with particularly broad discretion in resolving discovery disputes. See Farmers & Merchs. Nat'l Bank v. San Clemente Fin. Group Sec., Inc., 174 F.R.D. 572, 585 (D.N.J.1997). When a magistrate judge's decision involves a discretionary [discovery] matter . . . , "courts in this district have determined that the clearly erroneous standard implicitly becomes an abuse of discretion standard." Saldi v. Paul Revere Life Ins. Co., 224 F.R.D. 169, 174 (E.D.Pa.2004) (citing Scott Paper Co. v. United States, 943 F.Supp. 501, 502 (E.D.Pa.1996)). Under that standard, a magistrate judge's discovery ruling "is entitled to great deference and is reversible only for abuse of discretion." Kresefky v. Panasonic Commc'ns and Sys. Co., 169 F.R.D. 54, 64 (D.N.J.1996); see also Hasbrouck v. BankAmerica Hous. Servs., 190 F.R.D. 42, 44-45 (N.D.N.Y.1999) (holding that discovery rulings are reviewed under abuse of discretion standard rather than de novo standard); EEOC v.

Mr. Gold, Inc., 223 F.R.D. 100, 102 (E.D.N.Y.2004) (holding that a magistrate judge's resolution of discovery disputes deserves substantial deference and should be reversed only if there is an abuse of discretion).

Halsey v. Pfeiffer, No. 09-1138, 2010 WL 3735702, *1 (D.N.J. Sept. 17, 2010).

We also note that our broad discretion over discovery matters extends to decisions under Rule 26 relating to the issuance of protective orders limiting and regulating the timing of discovery. Indeed, it is undisputed that: " '[t]he grant and nature of [a protective order] is singularly within the discretion of the district court and may be reversed only on a clear showing of abuse of discretion.' Galella v. Onassis, 487 F.2d 986, 997 (2d Cir.1973) (citation omitted)." Dove v. Atlantic Capital Corp., 963 F.2d 15, 19 (2d Cir. 1992).

In the exercise of our discretion, we turn to the parties' pending discovery motions. We begin with the defendants' motion to depose the plaintiff, a state inmate. (Doc. 53.) Rule 30(a)(2)(B) of the Federal Rules of Civil procedure requires leave of court to conduct a deposition "if the deponent is confined in prison." Fed. R. Civ. P. 30. In this case, the defendants seek leave to depose the inmate-plaintiff regarding the factual basis for his legal claims, and they are undoubtedly entitled to do so. Indeed, it would be incongruous to allow the plaintiff to bring these claims while staying efforts by the defense to ascertain the

factual basis for any of these claims. Therefore we will GRANT the motion to depose Ivan White, (Doc. 53), subject to the conditions described below.

For his part, White through his counsel, seeks an open-ended stay of this defense discovery, (Doc. 55), while simultaneously demanding that we compel further discovery from the defendants. (Doc. 60.) The plaintiff presents two grounds for this stay arguing first that discovery should be stayed pending resolution of legal disputes regarding the current restrictions on inmate mail imposed by the Department of Corrections. In addition, plaintiff's counsel seeks to stay defense discovery and pursue her own course of discovery, because she avers that she fears physical intimidation if she enters SCI Huntingdon due to a recent experience at the prison in September of 2018 in connection with an unrelated case.

In considering this stay request we are enjoined that the standard for review of a stay request essentially mirrors the four-part test applied to motions for preliminary injunction and calls upon us to consider in turn: (1) the likelihood of success on the merits of the underlying claim; (2) whether irreparable harm would occur if a stay is not granted; (3) whether the potential harm to the moving party outweighs the harm to the opposing party if a stay is not granted; and (4) whether the granting of the stay would serve the public interest. Douglas v. Ashcroft, 374 F.3d 230, 233 (3d Cir. 2004). In this case, we are also mindful that the defense has

5

proposed an array of alternatives which could ameliorate the plaintiff's counsel's concerns about entering SCI Huntingdon, and would permit this discovery to proceed, noting that: "In addition to sending legal mail to and visiting Plaintiff at SCI-Huntingdon, Plaintiff's Counsel can communicate with Plaintiff by telephone. Additionally, Plaintiff could be temporarily moved to SCI-Smithfield for deposition preparation and the deposition. Finally, Plaintiffs' Counsel could prepare by video from DOC Central Office then the deposition can be done thereafter." (Doc. 58, p 4.) The telephonic and video communications proposed by defense counsel, as well as conducting the deposition at SCI Smithfield would seem to address the presenting concerns raised by plaintiff's counsel that entering SCI Huntingdon could trigger her PTSD.

Given these reasonable alternatives proposed by defense counsel, we will DENY this request for a stay of discovery. In denying this stay request we note that there is no likelihood that the plaintiff would be able to refuse entirely to submit to a deposition in the case he has brought against the defendants. In short, the defendants are entitled to secure White's testimony, and after 2 years of litigation, this task should be completed sooner, rather than later. Further, staying these proceedings until prison mail issues are resolved is not a feasible alternative since the process of resolving inmate mail complaints may take weeks, months or even years. While we are mindful of the concerns voiced by plaintiff's counsel

who reports that she suffers from PTSD which is exacerbated when she enters SCI Huntingdon, defense counsel has offered an array of reasonable alternatives to a wholesale stay of litigation which we will direct the parties to explore. Thus, the plaintiff's concerns can be addressed through measures that fall short of a stay of discovery. Furthermore, we believe that the interests of both the defendant and the public weigh in favor of completing discovery in this case in a timely fashion. Therefore, we find that a consideration of the four factors which govern issuance of a stay weighs against staying discovery in this case at this time.

Having reached this conclusion, we turn to the plaintiff's motion to compel discovery in support of her request to stay discovery. (Doc. 60.) This motion to compel seeks an array of information relating to plaintiff's counsel's September 2018 entry into SCI Huntingdon in an unrelated case, an episode which counsel alleges was verbally abusive and triggered a medical reaction on her part. While we are sensitive to these medical concerns, we note that this motion to compel is not yet ripe since the subpoena which is the subject of this motion bears a return date of October 29, 2018. Therefore, we regard this motion as premature. See White v. Bledsoe, CIV. 3:CV-08-01388, 2008 WL 4793737 (M.D. Pa. Oct. 31, 2008). Moreover, given our ruling on the plaintiff's motion to stay, which would permit the deposition to proceed forward while enabling counsel to limit her entry into SCI Huntingdon, this motion to compel also seems moot. Therefore, in the

7

exercise of our discretion, we will DENY this motion without prejudice to renewal of the motion on or after October 29, 2018, the return date on the subpoena, if a live controversy still exists that warrants discovery.

An appropriate order follows.

### III. Order

AND NOW, this 10th day of October, 2018, IT IS ORDERED as follows:

1. The defendants' motion to depose the inmate plaintiff, (Doc. 53), is GRANTED and the Warden of the State Correctional Institution is directed to produce the plaintiff for a deposition at a date and in a manner convenient to the Warden of State Correctional Institution and all counsel. IT IS FURTHER ORDERED that in accordance with defense counsel's proposal, the parties shall arrange a mutually convenient process for completing this deposition through use of telephonic and video communications, as well as perhaps conducting the deposition at SCI Smithfield. The parties shall report on the completion of these measures by October 29, 2018.

2. Given the accommodations which we have ordered concerning the scheduling of this deposition, the plaintiff's motion for a stay of discovery is DENIED, (Doc. 55), and the plaintiff's motion to compel discovery in aid of the motion to stay discovery, (Doc. 60), is DENIED as both premature and potentially

moot, without prejudice to renewal of this motion by counsel after October 29, 2018 if a live controversy remains relating to this aspect of discovery.

>
> */s/ Martin C. Carlson*
> Martin C. Carlson
> United States Magistrate Judge