# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **IVAN WHITE,** | : | Civil No. 1:16-CV-675 |
| | : | |
| **Plaintiff** | : | **(Judge Mannion)** |
| | : | |
| v. | : | **(Magistrate Judge Carlson)** |
| | : | |
| **DARRELL WIREMAN, et al.,** | : | |
| | : | |
| **Defendants** | : | |

## MEMORANDUM ORDER

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

This prisoner civil rights lawsuit has been pending for two years and is in the midst of pre-trial discovery. On October 10, 2018, without any prior notice to the court or opposing counsel, and without any indication that she has consulted with her client and obtained his concurrence, plaintiff's counsel filed a praecipe withdrawing from this case. While this decision is unexplained by counsel, we are aware that counsel has recently reported that she has experienced emotional and physiological distress when entering SCI Huntingdon. We have been sensitive to counsel's medical concerns, and have instructed the parties to structure their discovery process to minimize counsel's physical entry into the prison.

Yet, while we are sensitive to counsel's medical concerns, we are constrained to inform counsel that under the rules of this court she may not unilaterally abandon this case, and her client. Instead, it is well-settled that counsel may only withdraw with the leave of court and:

> Whether to grant counsel leave to withdraw is left to the sound discretion of the district court. See Ohntrup v. Firearms Ctr., Inc., 802 F.2d 676, 679 (3d Cir.1986). Under M.D. Pa. Local Rule 83.15:
>
>> Appearance of counsel shall not be withdrawn except by leave of court. The court may refuse to approve withdrawal. If counsel is superseded by new counsel, such new counsel shall enter an appearance and counsel who is superseded shall comply with this rule and apply for leave to withdraw from the action. The court may refuse to grant a motion for leave to withdraw unless substitute counsel has entered an appearance.
>
> Some factors that courts in this circuit consider on an attorney's motion to withdraw include (1) the reasons withdrawal is sought, (2) the prejudice withdrawal may cause to litigants, (3) the harm withdrawal might cause to the administration of justice, and (4) the degree to which withdrawal will delay resolution of the case. Taylor v. Stewart, 20 F.Supp.2d 882, 883 (E.D.Pa.1998); Hargrove v. City of Phila., No. 93–5760, 1995 WL 550441, at *1 (E.D.Pa. Sept.15, 1995).

Torres v. Gautsch, No. 1:13-CV-01143, 2014 WL 3368782, at *2 (M.D. Pa. July 9, 2014). This rule requiring leave of court for counsel to withdraw from a case serves a host of salutary purposes. First, it promotes the fair and efficient administration of justice by ensuring continuity of representation. Second, it protects the interests of the client, who is afforded a voice in the proceedings and an opportunity to chart the course of the litigation before his counsel withdraws.

Finally, the procedure ensures that counsel who seek to withdraw fully satisfy all of their ethical obligations to their clients prior to terminating their representation. Because of the important interests that are fostered by this procedure, we will require compliance with Rule 83.15 in this case.

Accordingly, IT IS ORDERED that the praecipe to withdraw as counsel in this case, (Doc.63), is VACATED, and if counsel wishes to withdraw from representation in this case counsel should file a motion seeking leave to withdraw on or before **October 24, 2018**. Any motion to withdraw should address the factors which are relevant to consideration of this request. These factors include (1) the reasons withdrawal is sought, (2) the prejudice withdrawal may cause to litigants, (3) the harm withdrawal might cause to the administration of justice, and (4) the degree to which withdrawal will delay resolution of the case. The motion should also note the position of the client regarding the motion, and explain whether successor counsel will be entering an appearance or whether the plaintiff is electing to pursue this case, *pro se*.

So ordered this 11th day of October, 2018.

/s/ Martin C. Carlson
Martin C. Carlson
United States Magistrate Judge