IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IVAN WHITE, | : | No. 1-16-cv-675 |
| Plaintiff, | : | |
| | : | (Judge Mannion) |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| DARRELL WIREMAN, et al., | : | |
| Defendants. | : | |

**MOTION FOR LEAVE TO WITHDRAW APPEARANCE**

NOW COMES Marianne Sawicki, counsel for the plaintiff, and requests leave to withdraw appearance pursuant to the Order of October 11, 2018, for cause stating:

1.   Marianne Sawicki filed this action on behalf of Ivan White on April 22, 2016. (Doc. 1.)

2.   Sawicki withdrew appearance on October 10, 2018. (Doc. 63.)

3.   The Court vacated the withdrawal on October 11, 2018 and ordered that leave to withdraw would not be granted unless Sawicki provided several items of information enumerated in the Order. (Doc. 64.)

4.   Under M.D. Pa. LR 7.5(b), this motion requires no brief, because it has the concurrence of all parties and the reasons for the request are fully stated herein.

## Posture Of The Case

5.   The case is proceeding on the Second Amended Complaint, which was filed on June 27, 2017. (Doc. 27.)

6.   The claims that have survived motions practice here are Counts 1 through 9, against the individual defendants, and Count 11, against the Department of Corrections (DOC). (Doc. 34.)

7.   Count 11 alleged violations of the Religious Land Use and Institutionalized Persons Act (RLUIPA). Plaintiff has already prevailed on Count 11 against DOC, inasmuch as DOC materially changed its position in his favor during the course of the litigation and because of it. NAACP v. Wilmington Med. Ctr., Inc., 689 F.2d 1161, 1166 (3d Cir. 1982); 10 Charles Alan Wright et al., Federal Practice and Procedure § 2667 (3d ed. 1998).

8.   Counts 1 through 5 allege impermissible interference with constitutional and statutory rights pertaining to plaintiff's ability to participate in court proceedings.

9.   Counts 6 through 9 allege impermissible interference with constitutional religious rights.

10.   On May 4, 2018, the defendants moved for summary judgment, and the parties then briefed the motion. (Docs. 43-46, 49-52.)

11. On October 15, 2018, Magistrate Judge Carlson recommended that summary judgment be denied except as to Counts 8 and 9, for failure to exhaust claims under the Establishment Clause, and as to Defendants Eckard and Smith for injuries on May 24, 2015 only, also deemed to be unexhausted. (Doc. 65.)

12. Objections to the R&R, if any, are due October 29, 2018.

### Interference With Discovery By DOC

13. Discovery began with the Case Management Order of April 5, 2018, and it is set to close on November 5, 2018. (Doc. 41.)

14. In early September, 2018, Defendant the Department of Corrections (DOC) instituted new security and visiting procedures that cut off communication between the plaintiff and his counsel, the undersigned.

15. Defendants then moved for leave to depose the plaintiff. (Docs. 53, 54.) Plaintiff concurred in that motion. (Doc. 57.) The Court granted the motion on October 10, 2018. (Doc. 62.) To date, no deposition has been noticed.

16. On September 26, 2018, the plaintiff moved to stay discovery and submitted two exhibits to document DOC's interference with attorney access. (Doc. 55.)

17. Defendants filed a brief opposing the stay on September 28, 2018, although the supporting brief had yet to be filed. (Doc. 58.)

18. Plaintiff timely filed the brief supporting the motion to stay discovery, along with seven exhibits, on October 8, 2018. (Doc. 59.)

19. The Court denied the motion to stay discovery on October 10, 2018. (Doc. 62.)

20. On October 24, 2018, the plaintiff moved for reconsideration of the Memorandum Order of October 10, 2018 and filed a supporting brief. (Docs. 66, 67.)

21. In recent briefing and exhibits, Attorney Sawicki shows that defendant DOC has effectively blocked her communication with Ivan White. (Docs. 55, 59, 61, 67.)

## Responses To Questions Of The Court

22. The reason withdrawal is sought is that communication between attorney and client has been blocked by defendant DOC and its employees at SCI Huntingdon. Hence:

    a. Sawicki cannot keep the client informed or comply with other professional responsibilities;

    b. Sawicki cannot assist the client to complete discovery;

    c. Sawicki cannot prepare the client to testify.

23. The prejudice that withdrawal may cause to litigants is unavoidable. Sawicki has tried and failed to restore access in the ways that are documented in the recent briefing. (Docs. 55, 59, 61, 67.)

24. The harm that withdrawal might cause to the administration of justice in this case is outweighed by the harm that will ensue if Sawicki continues to litigate the case without access to the client.

25. The degree to which withdrawal will delay resolution of the case is entirely up to the Court, inasmuch as the Court declined to take any step to address the blocked communication, such as granting a stay of discovery until communication could be restored.

**Additional Factors**

26. Sawicki's conduct complies with the Pennsylvania Rules of Professional Conduct and the Code of Professional Conduct of this Court. Those standards preclude continued representation after communication with a client has become impossible.

27. Sawicki represents several other prisoners in matters that are before courts in this district. Resources needed to support those cases have been drained through the recent struggles to overcome the impediments to communication that the DOC has imposed in this case.

28.     This is an opportune time for withdrawal.  No substantive briefing is due.  Defendants have not noticed a deposition for the plaintiff, and discovery is set to close on November 5, 2018.

29.     Through Sawicki's efforts, the plaintiff has already prevailed against DOC on Count 11.  Sawicki would be entitled to an award of attorney fees and costs under 42 U.S.C. § 1988 if she did not withdraw.  <u>NAACP v. Wilmington Med. Ctr., Inc.</u>, 689 F.2d at 1166.  Withdrawal is a financial sacrifice for the sake of conscience.

30.     No funds have changed hands between Sawicki and White.  Sawicki has paid all expenses in this case.

31.     Attorney-client privilege prevents Sawicki from revealing further information regarding this case.

WHEREFORE, Marianne Sawicki asks the Court to withdraw her appearance as counsel for the plaintiff.

                                                         Respectfully submitted,
                                                         **/s/ Marianne Sawicki**
                                                         MARIANNE SAWICKI
                                                         PA  313471
                                                         2530 South Blair Avenue
                                                          Huntingdon, PA 16652
                                                         Phone:     (814) 506-2636
                                                         MarianneSawicki@verizon.net
                                                         Attorney for Ivan White

October 24, 2018

CERTIFICATE OF CONCURRENCE

I hereby certify, on this 24th day of October, 2018, that I contacted defendants' counsel, named below, by email, and asked him whether he would concur in a motion for leave to withdraw appearance. Mr. Mazeski concurs.

    Vincent R. Mazeski, Assistant Counsel
    Pennsylvania Department of Corrections
    1920 Technology Parkway
    Mechanicsburg, PA  17050

                                    **/s/ Marianne Sawicki**
                                    MARIANNE SAWICKI
                                    Attorney for Ivan White

CERTIFICATE OF SERVICE

I hereby certify, on this 24th day of October, 2018, that the foregoing Motion for Leave to Withdraw Appearance is served on all counsel of record through the electronic case filing system of the Court.

                                    **/s/ Marianne Sawicki**
                                    MARIANNE SAWICKI
                                    Attorney for Ivan White