# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| IVAN WHITE, | : | Civil No. 1:16-CV-675 |
| --- | --- | --- |
| Plaintiff | : | (Judge Mannion) |
| v. | : | (Magistrate Judge Carlson) |
| DARRELL WIREMAN, et al., | : | |
| Defendants | : | |

## MEMORANDUM ORDER

### I. Factual Background

This prisoner civil rights lawsuit is in the midst of pre-trial discovery and comes before us for on a motion to reconsider certain discovery rulings filed by plaintiff's former counsel prior to counsel withdrawing from this case. (Doc. 66.) That motion to reconsider asked us to reconsider a series of discovery rulings which we made, discovery rulings that were compelled in large measure by former counsel's reluctance to enter the prison where her client was housed. Specifically, the plaintiff's former counsel, who has now withdrawn from this case with leave of court, asked that we reconsider our rulings on two somewhat contradictory motions filed by the plaintiff which sought to both: (1) stay discovery by the defendants (Doc. 55), while compelling additional discovery on behalf of the plaintiff. (Doc.

60.) The basis for the plaintiff's motions, which would have stayed the commonplace practice of deposing an inmate plaintiff regarding his allegations while compelling the defendants to produce various materials in response to recent discovery demands made by plaintiff's counsel, was twofold. First, plaintiff's counsel believed that the current restrictions on inmate mail imposed by the Department of Corrections compel a wholesale stay of discovery until these issues of mail access are resolved, a process which could take weeks, months or even years. In addition, plaintiff's counsel sought to stay defense discovery and pursue her own course of discovery because she averred that she suffers from PTSD and feared physical intimidation if she entered SCI Huntingdon. These fears had been triggered in part by an incident in September of 2018 during which counsel alleged that she was verbally harassed at SCI Huntingdon while attempting to visit another prisoner regarding an unrelated case. Thus, the discovery which White sought to compel in this case related solely to this 2018 incident which took place in another case. The only rationale for seeking discovery in this case was counsel's assertion that she needed the discovery in order to support her request for a stay of discovery given counsel's reluctance to enter the prison and consult with her client, matters that now seem moot given counsel's decision to abandon this litigation. In any event we denied these motions, finding that defense counsel had identified a reasonable array of options which could permit discovery to proceed without

further delay. According to defense counsel: "In addition to sending legal mail to and visiting Plaintiff at SCI-Huntingdon, Plaintiff's Counsel can communicate with Plaintiff by telephone. Additionally, Plaintiff could be temporarily moved to SCI-Smithfield for deposition preparation and the deposition. Finally, Plaintiffs' Counsel could prepare by video from DOC Central Office then the deposition can be done thereafter."

Just prior to abandoning this litigation and withdrawing as counsel, plaintiff's counsel filed a 148-page motion to reconsider these discovery rulings, an accompanying memorandum of law, and exhibits. (Docs. 66 and 67.) However, since these discovery motions related almost exclusively to concerns voiced by plaintiff's counsel stemming from counsel's own contacts with prison officials, and because counsel has now elected to withdraw from this case, we find no grounds for reconsidering our prior rulings and will deny this motion.

**II.    Discussion**

The legal standards that govern motions to reconsider are both clear, and clearly compelling. "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). Typically such a motion should only be granted in three, narrowly defined circumstances, where there is either : "(1) [an] intervening change in controlling law, (2) availability of new

evidence not previously available, or (3) need to correct a clear error of law or prevent manifest injustice". <u>Dodge v. Susquehanna Univ.</u>, 796 F.Supp. 829, 830 (M.D. Pa. 1992 ). As the United States Court of Appeals for the Third Circuit has aptly observed:

> "The purpose of a motion for reconsideration ... is to correct manifest errors of law or fact or to present newly discovered evidence." <u>Max's Seafood Café</u>, 176 F.3d at 677 (quoting <u>Harsco Corp. v. Zlotnicki</u>, 779 F.2d 906, 909 (3d Cir.1985)). "Accordingly, a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [previously ruled]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." <u>Id.</u> (citation omitted).
>
> <u>Howard Hess Dental Laboratories Inc. v. Dentsply Intern., Inc</u>., 602 F.3d 237, 251 (3d Cir. 2010).

Thus, it is well-settled that a mere disagreement with the court does not translate into the type of clear error of law which justifies reconsideration of a ruling. <u>Dodge</u>, 796 F.Supp. at 830. Furthermore, "[b]ecause federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." <u>Continental Casualty Co. v. Diversified Indus., Inc.</u>, 884 F.Supp. 937, 943 (E.D. Pa. 1995). Moreover, it is evident that a motion for reconsideration is not a tool to re-litigate and reargue issues which have already been considered and disposed of by the court. <u>Dodge</u>, 796 F.Supp. at 830. Rather, such a motion is

appropriate only where the court has misunderstood a party or where there has been a significant change in law or facts since the court originally ruled on that issue. See Above the Belt, Inc. v. Mel Bohannon Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983).

Likewise, issues relating to the timing and scope of discovery permitted under Rule 26 rest in the sound discretion of the Court. Wisniewski v. Johns-Manville Corp., 812 F.2d 81, 90 (3d Cir. 1987). Thus, a court's decisions regarding the conduct of discovery will be disturbed only upon a showing of an abuse of discretion. Marroquin-Manriquez v. I.N.S., 699 F.2d 129, 134 (3d Cir. 1983). This far-reaching discretion extends to rulings by United States Magistrate Judges on discovery matters. In this regard:

> District courts provide magistrate judges with particularly broad discretion in resolving discovery disputes. See Farmers & Merchs. Nat'l Bank v. San Clemente Fin. Group Sec., Inc., 174 F.R.D. 572, 585 (D.N.J.1997). When a magistrate judge's decision involves a discretionary [discovery] matter . . . , "courts in this district have determined that the clearly erroneous standard implicitly becomes an abuse of discretion standard." Saldi v. Paul Revere Life Ins. Co., 224 F.R.D. 169, 174 (E.D.Pa.2004) (citing Scott Paper Co. v. United States, 943 F.Supp. 501, 502 (E.D.Pa.1996)). Under that standard, a magistrate judge's discovery ruling "is entitled to great deference and is reversible only for abuse of discretion." Kresefky v. Panasonic Commc'ns and Sys. Co., 169 F.R.D. 54, 64 (D.N.J.1996); see also Hasbrouck v. BankAmerica Hous. Servs., 190 F.R.D. 42, 44-45 (N.D.N.Y.1999) (holding that discovery rulings are reviewed under abuse of discretion standard rather than de novo standard); EEOC v.

Mr. Gold, Inc., 223 F.R.D. 100, 102 (E.D.N.Y.2004) (holding that a magistrate judge's resolution of discovery disputes deserves substantial deference and should be reversed only if there is an abuse of discretion).

Halsey v. Pfeiffer, No. 09-1138, 2010 WL 3735702, *1 (D.N.J. Sept. 17, 2010).

We also note that our broad discretion over discovery matters extends to decisions under Rule 26 relating to the issuance of protective orders limiting and regulating the timing of discovery. Indeed, it is undisputed that: " '[t]he grant and nature of [a protective order] is singularly within the discretion of the district court and may be reversed only on a clear showing of abuse of discretion.' Galella v. Onassis, 487 F.2d 986, 997 (2d Cir.1973) (citation omitted)." Dove v. Atlantic Capital Corp., 963 F.2d 15, 19 (2d Cir. 1992).

Judged against these standards, we find that there is no reason to reconsider our prior rulings on the plaintiff's discovery motions, rulings which were grounded in the exercise of our discretion. At the outset, we note that these discovery motions were filed by plaintiff's former counsel, and largely turned on impediments that former counsel perceived to discovery, impediments driven by counsel's reluctance to enter the prison itself. Counsel has subsequently withdrawn from this case with the leave of the court. Consequently, the concerns voiced by counsel, which related to counsel's reluctance to enter the prison, are now moot.

In any event, plaintiff's former counsel has not identified grounds for reconsideration in the form of (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court previously ruled; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. On this score, plaintiff's former counsel errs when she suggests that we ignored her prior arguments. We did not. Rather, we simply found those arguments unpersuasive as guides to the exercise of our discretion, and conclude that they have gained no greater persuasive power through repetition. Accordingly, in light of the changed circumstances in this litigation, the withdrawal of former counsel from this case, and the discretionary nature of our rulings, the request to reconsider matters raised by former counsel, matters which are now largely moot, will be denied.

An appropriate order follows.

### III. Order

AND NOW, this 29th day of October, 2018, IT IS ORDERED that plaintiff's motion to reconsider (Doc. 66) is DENIED.

*/s/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge