# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **IVAN WHITE,** | : | Civil No. 1:16-CV-675 |
| | : | |
| **Plaintiff** | : | **(Judge Mannion)** |
| | : | |
| v. | : | **(Magistrate Judge Carlson)** |
| | : | |
| **DARRELL WIREMAN, et al.,** | : | |
| | : | |
| **Defendants** | : | |

## REVISED MEMORANDUM ORDER

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

The plaintiff's former counsel in this prisoner civil rights lawsuit, which has been pending for the past two years, is a committed legal professional who consistently strives to zealously represent her clients in federal court. While this zeal is admirable, part of the art of advocacy entails ensuring that zeal is tempered by consistency, adherence to sound practice and prudent judgment.

The instant case underscores the importance of tempering zeal with dispassionate prudence. Presently, this case is in a curious procedural posture. In October, 2018 we found that White presented potentially meritorious claims which warranted trial and recommended for the most part that the defendants' motion for summary judgment be denied. (Doc. 65.) In reaching this conclusion we adopted the

view zealously advocated by White's former counsel. We only departed from the positions taken by White's former counsel in one material respect. Finding that White was advancing potentially meritorious claims, but concluding that the defendants should be allowed to depose White, we declined counsel's invitation that we enter an open-ended stay of discovery in this longstanding litigation. (Doc. 62.) Instead, we directed the parties to work cooperatively to establish procedures for allowing this deposition to go forward in an orderly fashion. (Id.)

In the wake of this discovery ruling, White's former counsel promptly abandoned this case, and her client. Counsel initially attempted to peremptorily abandon this case by simply filing a praecipe withdrawing from this lawsuit. (Doc. 63.) After we informed counsel that this was procedurally improper, White's former counsel filed a motion to withdraw, which was unopposed and was granted by the court on October 26, 2018. (Doc. 70.)

However, despite specifically seeking and obtaining an order terminating her representation in this case, White's former counsel apparently continues to file pleadings in this matter seeking to reexamine past discovery rulings and has interposed objections to on-going discovery in this case. On December 13, 2018, these discovery disputes inspired defense counsel to contact our chambers and seek a discovery conference which we tentatively scheduled for December 21, 2018. The email communications from counsel, however, cast the current curious posture in

this case into sharp relief, since White's former counsel, who has withdrawn from this case two months ago, objected to us addressing on-going discovery disputes based upon a request to reconsider our past discovery rulings which former counsel filed with the district court *after* she withdrew from this case. Thus, we are faced with an anomaly: The only counsel who has expressly disavowed any further involvement in this case is insisting that the magistrate judge assigned to the case may not address on-going non-dispositive issues in the case because of filings submitted by counsel *after* she withdrew from this litigation.

The practice of an attorney continuing to purport to represent a party after withdrawing from legal representation in a case is problematic on several scores. First, this practice creates a form of "hybrid representation," which is plainly disfavored by the courts.[1] Second, the practice is inconsistent with the court's October 26, 2018 order which granted counsel's request to withdraw from representation in this case. Simply put, counsel cannot at the same time insist on withdrawing from this case yet also demand the right to remain engaged in the litigation in some undefined capacity. Third, this practice is inconsistent with the

---

[1] Hybrid representation issues most commonly arise in criminal cases, where the practice is uniformly disfavored since: "There is no right to 'hybrid' representation-simultaneously pro se and by counsel." Hall v. Dorsey, 534 F. Supp. 507, 508 (E.D. Pa. 1982)(collecting cases).

rules of this court, which authorize counsel to withdraw with leave of court, but do not permit counsel who have withdrawn with leave of court to ignore the relief which counsel sought and continue to act as counsel in a case where the attorney has withdrawn her appearance. Fourth, this practice can be ethically problematic since continued intervention in litigation by an attorney who has withdrawn her appearance may conflict with the party's interests and expose counsel to claims by the party that the terminated lawyer was no longer acting in the party's interests or with the party's approval. Finally, this practice invites confusion. Litigants need to speak with a single voice in litigation and having attorneys who have withdrawn from a case purport to take actions which bind their former clients is inconsistent with which the type of clarity demanded of litigants in court.

While the problems created by this practice are many and obvious, the solution to the dilemma created by this odd form of hybrid representation is simple: If White's former counsel now wishes to re-enter this litigation, she may do so but only if she files a notice of appearance which unequivocally indicates that counsel is re-entering this lawsuit, with the consent of her former client,[2] and acknowledges

---

[2] Following the entry of our initial order, plaintiff's former counsel notified the court that she believed that she has fully complied with Local Rule 83.14 by simply continuing to file pleadings after she her motion to withdraw was granted and was thus automatically reinstated as counsel in this case. We had considered the application of Local Rule 83.14 to the odd circumstances created by counsel's decisions to twice attempt to abandon this lawsuit in October, and then rejoin this litigation. We do not necessarily read Local Rule 83.14, which describes what may

4

that she may not withdraw once again from the litigation without leave of court, which leave may be denied in the court's discretion. See Ohntrup v. Firearms Ctr., Inc., 802 F.2d 676, 679 (3d Cir.1986).

Upon reflection we conclude that such clarity is necessary before we proceed forward with litigation of the new discovery disputes which have been brought to

---

be done in the ordinary course of litigation to initially enter an appearance, as applying in this odd setting, when counsel sought, and received, leave of court to withdraw from the case. Indeed, the procedure proposed by counsel could lead to curious results. As counsel knows, under Local Rule 83.15 leave of court is required for counsel to withdraw from a case. Such rulings rest in the court's discretion, and entail consideration of a host of factors including, (1) the reasons withdrawal is sought, (2) the prejudice withdrawal may cause to litigants, (3) the harm withdrawal might cause to the administration of justice, and (4) the degree to which withdrawal will delay resolution of the case. Taylor v. Stewart, 20 F.Supp.2d 882, 883 (E.D.Pa.1998); Hargrove v. City of Phila., No. 93–5760, 1995 WL 550441, at *1 (E.D.Pa. Sept.15, 1995). Torres v. Gautsch, No. 1:13-CV-01143, 2014 WL 3368782, at *2 (M.D. Pa. July 9, 2014). Adopting counsel's interpretation of the local rules would mean that counsel could unilaterally overrule this discretionary decision by the court, granting leave to withdraw, by simply filing further pleadings. We do not read these two rules in a fashion which effectively permits counsel to unilaterally set aside court orders that counsel sought when those orders later become inconvenient.

In any event, this response does not address the other more fundamental animating concern we have highlighted for counsel, namely, receiving some assurance on the record that that the client is aware of the many changes in representation wrought by counsel and consents to the current appearance of counsel on his behalf. The appearance form that we are ordering counsel to file achieves that result since it directs that counsel represent that she has re-entered this litigation with the knowledge and consent of the plaintiff. We appreciate counsel's cooperation in ensuring that this potentially troublesome ambiguity is clarified on the record through more than a mere footnote in a brief.

our attention. Accordingly, IT IS ORDERED as follows with respect to these newly arising and on-going discovery disputes:[3]

First, IT IS ORDERED that the telephonic conference of counsel to discuss on-going discovery is POSTPONED, pending entry of an appearance by White's former counsel in this litigation.

Second, on or before **January 2, 2019**, IT IS ORDERED that White's former counsel enter a notice of appearance in this case if counsel wishes to address on-going issues in this litigation.

Third, if counsel enters an appearance as directed, and discovery issues remain unresolved, a discovery conference will be scheduled for **January 4, 2019 at 1:00 p.m**. in the undersigned chambers. Counsel who have entered appearances may submit letters outlining their respective positions with regard to these discovery matters on or before **January 3, 2019**.

Fourth, if no appearance is entered on behalf of White by counsel, then the defendants should file a motion to compel and accompanying brief on or before **January 11, 2019**, and serve these pleadings upon White.

---

[3] Our order only applies prospectively to these on-going discovery disputes. We recognize that following our order granting White's former counsel leave to withdraw from this case, that former counsel filed requests with the district court to reexamine past discovery rulings which we have made. We leave it to the sound discretion of the district court whether the district court wishes to entertain these filings which were made after counsel withdrew from representing White.

Compliance with these procedures will enable White's former counsel, who appears to now regret in earnest the decision she made in haste to withdraw from this case in October 2018, the opportunity to re-enter this litigation, and will ensure that counsel's zealous representation of her client, which we appreciate, will be conducted in a procedurally, legally and ethically appropriate manner.

So ordered this 18th day of December, 2018.

                                      */s/ Martin C. Carlson*
                                      Martin C. Carlson
                                      United States Magistrate Judge