# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **IVAN WHITE,** | : | Civil No. 1:16-CV-675 |
| | : | |
| **Plaintiff** | : | **(Judge Mannion)** |
| | : | |
| v. | : | **(Magistrate Judge Carlson)** |
| | : | |
| **DARRELL WIREMAN, et al.,** | : | |
| | : | |
| **Defendants** | : | |

## MEMORANDUM ORDER

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

On January 2, 2019, the district court entered an order denying the plaintiff's appeal of a discovery ruling and remanding this matter to the undersigned for pre-trial management. (Doc. 91.) That order stated in clear and precise terms that "[d]iscovery shall continue, as directed by Judge Carlson during the pendency of the undersigned's consideration of the Report and Recommendation," and asserted that "[t]his matter properly remains with Judge Carlson for all further proceedings." (Id.) The district court also expressly endorsed the directions which we had given to plaintiff's former counsel regarding her procedurally inappropriate approach to representation of her client, an approach marked by counsel's demand to withdraw from the case, and her later insistence on unilaterally filing pleadings after she had

been granted leave to withdraw, stating: "This very curious activity by counsel is presently being adeptly addressed by Judge Carlson. (See Doc. 87)." (Doc. 91, fn. 1.)

Our prior order, which was cited with approval by the district court when it denied the plaintiff's appeal, gave White's former counsel clear instructions regarding what she needed to do in order to clarify the confusion created by her prior representational conduct, stating:

> [O]n or before **January 2, 2019**, IT IS ORDERED that White's former counsel enter a notice of appearance in this case if counsel wishes to address on-going issues in this litigation. . . . . [I]f counsel enters an appearance as directed, and discovery issues remain unresolved, a discovery conference will be scheduled for **January 4, 2019 at 1:00 p.m**. in the undersigned chambers. Counsel who have entered appearances may submit letters outlining their respective positions with regard to these discovery matters on or before **January 3, 2019**.

(Doc. 87, p. 6.)

Regrettably, counsel has not yet fully complied with this order. While counsel has provided some confirmation that her client still seeks her services notwithstanding her prior efforts to abandon this representation, (Doc. 90), and has provided correspondence concerning the outstanding discovery issues in the case, (Doc. 92), counsel has not filed the notice of appearance as ordered by the court. Instead, counsel has reasserted a claim that we considered and rejected, insisting that by merely filing pleadings after she was granted leave to withdraw she has re-entered her appearance in this case.

As counsel knows, we have rejected this view, (Doc. 87, n. 2), and have instructed counsel to file a formal notice of appearance if she wishes to re-enter this litigation. Accordingly, IT IS ORDERED that counsel shall file a notice of appearance in compliance with our prior order by the close of business on **January 3, 2019.** Compliance with this order will enable White's former counsel – who affirmatively sought leave to withdraw as the plaintiff's lawyer in October 2018, and now wishes to return – the opportunity to re-enter this litigation in what we regard as a procedurally appropriate fashion. Moreover, proceeding in this way, and in compliance with this Court's instructions, and will ensure that counsel's representation of her client will be conducted in a procedurally, legally and ethically appropriate manner, and in accordance with this Court's orders.

So ordered this 3d day of January, 2019.

/s/ Martin C. Carlson
Martin C. Carlson
United States Magistrate Judge