**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA**

**IVAN WHITE,**                                  :

        **Plaintiff**          :     **CIVIL ACTION NO. 1:16-0675**

        **v.**                   :          **(MANNION, D.J.)**

**DARRELL WIREMAN, et al.,**          :

        **Defendants**       :

**<u>MEMORANDUM</u>**

Presently before the court is a motion *in limine* filed by the defendants Darrell Wireman, Morris L. Houser, Ulrich Klemm, Shawn Kephart, Angela Duvall, Ron Smith, Ray Dunkle, and the Pennsylvania Department of Corrections (collectively, "Defendants"), (Doc. 136), as well as four motions *in limine* filed by the plaintiff, Ivan White ("White"), (Doc. 139; Doc. 141; Doc. 143; Doc. 145). The motions will be **GRANTED IN PART** and **DENIED IN PART**, as set forth below.

## I.    BACKGROUND

On April 22, 2016, Ivan White ("White"), an inmate currently incarcerated at State Correctional Institution – Huntingdon ("SCI-Huntingdon"), initiated this civil rights action against Defendants. (Doc. 1). White filed a second amended complaint, (Doc. 27), on June 27, 2017, asserting eleven counts that generally fit into two broad categories: Counts I

to V pertain to issues that occurred during meetings with his attorney at SCI-Huntingdon on August 30, 2014, and May 24, 2015, and Counts VI to XI pertain to White's religious practices.[1]

On February 21, 2020, the court adopted two reports and recommendations by Judge Martin C. Carlson. (Doc. 131; Doc. 132). In doing so, the court and entered summary judgment in favor of defendants on Counts I, II, III, IV, V, VIII, and IX and in favor of Defendants. Additionally, the court dismissed Count XI as moot as it related to White's December fast and halal diet since he had been receiving those accommodations since 2016 and 2018, respectively.

Accordingly, what remains for trial are Counts VI and VII, in which White alleges a violation of, and conspiracy to violate, his free exercise of religion by Wireman, Houser, Klemm, Kephart, and Eckard for their failure to provide him with accommodations to observe the December fast and halal diet and Count XI wherein White alleges that the DOC substantially burdened his exercise of religion in violation of the Religious Land Use and Institutionalized Persons Act of 2000 by not permitting him to engage in a communal, post-fast feast.

---

[1] Count X was dismissed by order dated March 12, 2018. (Doc. 34).

## II.   STANDARD

"The purpose of a motion *in limine* is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence." *United States v. Tartaglione*, 228 F.Supp.3d 402, 406 (E.D.Pa. 2017). On a motion *in limine*, evidence should only be excluded "when the evidence is clearly inadmissible on all potential grounds." *Id.* Evidentiary rulings on motions *in limine* are subject to the trial judge's discretion and are therefore reviewed for an abuse of discretion. *Abrams v. Lightolier, Inc.*, 50 F.3d 1204, 1213 (3d Cir. 1995); *Bernardsville Bd. of Educ. v. J.H.*, 42 F.3d 149, 161 (3d Cir.1994). "The Court is vested with broad inherent authority to manage its cases, which carries with it the discretion and authority to rule on motions *in limine* prior to trial." *Ridolfi v. State Farm Mutual Auto. Ins. Co.*, 2017 WL 3198006, *2 (M.D.Pa. July 27, 2017). Further, "[c]ourts may exercise this discretion in order to ensure that juries are not exposed to unfairly prejudicial, confusing or irrelevant evidence." *Id.* (citation omitted).

"A trial court considering a motion *in limine* may reserve judgment until trial in order to place the motion in the appropriate factual context." *United States v. Tartaglione*, 228 F.Supp.3d 402, 406 (E.D.Pa. 2017) (citation omitted). "Further, a trial court's ruling on a motion *in limine* is 'subject to change when the case unfolds, particularly if actual testimony differs from

what was contained in the movant's proffer.'" *Id.* (citing *Luce v. United States,* 469 U.S. 38, 41 (1984)).

## III.   DISCUSSION

### (a). *Evidence of White's Felony Conviction*

Both parties have filed motions regarding the introduction of evidence of White's 1990 felony murder conviction. (Doc. 136; Doc. 139). In their motion, Defendants request that they be permitted to introduce evidence of White's felony conviction, the crime for which he is presently incarcerated, pursuant to Federal Rule of Evidence 609(a). Defendants suggest that they seek only to admit the fact that White has been convicted of a felony but they do not indicate that they intend to specify the type of felony.

For his part, White argues that Defendants should be barred from making any reference to "any offense of which [] White was convicted" because such evidence is immaterial and unnecessary to the issues at trial. (Doc. 140, at 2). White believes that, because his crime did not involve dishonesty, it would be highly prejudicial to him, encourage cultural bias, and suggest that his faith motivated his crimes.

In their response, Defendants contend that the felony conviction is relevant for credibility purposes and that there will not be undue prejudice

since the jury will already be aware that White is and has been incarcerated for years.

Pursuant to Federal Rule of Evidence 403, the court may exclude relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed.R.Evid.403.The Third Circuit has cautioned that the exclusion of potentially relevant evidence pursuant to Rule 403 is an "extreme measure" at the pre-trial stage. *Hines v. Consol. Rail Corp.*, 926 F.2d 262, 274 (3d Cir. 1991). Evidence should rarely be excluded *in limine* pursuant to Rule 403 because "[a] court cannot fairly ascertain the potential relevance of evidence for Rule 403 purposes until it has a full record relevant to the putatively objectionable evidence." *In re Paoli R.R. Yard PCB Litig.*, 916 F.2d 829, 859 (3d Cir. 1999).

Under Rule 404, character evidence is generally not admissible to prove conduct. In particular, "evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." Fed.R.Evid.404(b). Other crimes, wrongs or acts are admissible, however, to prove motive, opportunity, intent, preparation, and plan. *Id.*

Finally, Rule 609 governs the admissibility of a witness's prior convictions for impeachment purposes. Pursuant to Rule 609(a), for purposes of attacking the character for truthfulness of a witness, evidence that the witness has been convicted of a felony "shall be admitted, subject to Rule 403 . . . if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused." Fed.R.Evid. 609(a)(1). In analyzing conviction evidence, the court must engage in a "genuine balancing" of probative value and prejudicial effect. *Tabron v. Grace*, 898 F.Supp. 293, 297 (M.D.Pa. 1995). Important considerations include "the nature of the convictions, the time that has elapsed since conviction, the importance of credibility to the underlying claim, and the potential for prejudice from admitting the convictions." *Id.* at 295.

A conviction over ten years old (measured from the date of conviction or release from confinement for the conviction, whichever is later), is generally not admissible "unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantial outweighs its prejudicial effect." Fed.R.Evid. 609(b).

Here, since White is still incarcerated for the conviction at issue, it is admissible under Rule 609, provided it is relevant and its probative value is not outweighed by its prejudicial effect.

- 6 -

As the Third Circuit has articulated, a district court must weigh the conviction's probative value against its prejudicial effect. in *United States v. Greenidge*, 495 F.3d 85, 97 (3d Cir. 2007). In so doing, the court should consider four factors: (1) the kind of crime involved; (2) when the conviction occurred; (3) the importance of the witness's testimony to the case; and (4) the importance of the credibility of the witness. *Id.*

In this instance, the court concludes that the above factors weigh in favor of admission. White's credibility will be a significant issue in the trial since the sincerity of White's religious beliefs will need to be considered by the jury and, undoubtedly, White will testify about the tenants of his religion, how Defendants' actions prevented him from fully practicing it, and the harm he suffered as a result. As noted, although his conviction is approximately thirty years old, White is presently incarcerated for it. Additionally, while the nature of the crime is violent and could have the potential to inflame the jury, Defendants have given no indication that they intend to name the specific crime. Instead, they indicate they merely wish to inform the jury that White has been convicted of a felony. Notably, as Defendants point out, the jury will already be aware that White committed a crime that lead to his incarceration, given the nature of the case and the identity of the parties involved. Accordingly, the court finds that White's felony conviction is relevant and admissible and will **GRANT** Defendants' motion, (Doc. 136),

and **DENY** White's motion, (Doc. 139). Defendants will be permitted to note that White has a felony conviction for which he is presently incarcerated but they will not be permitted to specify the type of felony conviction or introduce details of the crime.

### (b). *Evidence of Defendants' or Defense Witnesses' Discipline, Grievances, or Lawsuits*

Defendants next ask that White be precluded from introducing evidence of any prior employment-related discipline, grievances, or lawsuits filed against Defendants or their witnesses. Defendants argue that the admission of such information is not relevant and would result in a series of mini-trials that would not add to the jury's understanding of the issues and would detour into areas not at issue in the case.

Conversely, White argues that the introduction of such information should be permitted because grievances, disciplinary actions, and prior litigation "all are ways in which those defendants learned about violations of constitutional and statutory religious rights, which they then encouraged or permitted to continue." (Doc. 149, at 4). White contends that this evidence is relevant under Rule 401 and should not be excluded since Defendants cannot show unfair prejudice, confusion of the issues, or any other factor under Rule 403.

The court agrees that evidence of all previous lawsuits, discipline, and grievances filed against Defendants should be excluded. Such evidence is indeed irrelevant under Rule 401 and 402 since it does not have a tendency to make the existence of any fact of consequence more or less probable than it would be without the evidence. Namely, it does not pertain to whether Defendants, during the particular times alleged in the complaint, substantially burdened White's free exercise of religion or violated his constitutional rights with respect the halal diet, December Fast, and communal feast. Moreover, even if such information were minimally relevant, its probative value would be substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, and wasting time. Thus, Defendants' motion, (Doc. 136), is **GRANTED** with respect to this evidence.

### (c). *Evidence of Plaintiff's Dietary Issues*

Next, Defendants ask that, absent expert medical testimony, White be precluded from introducing evidence relating to his allegation that the food he consumed that did not comply with his religion caused him to suffer high cholesterol and low fiber.

In response, White argues that he is entitled to testify in his own words about his own experiences. He contends that the physical injuries he alleges—urinary impairments, vomiting, weight loss, and respiratory

infections—are easily understood as consequences of a poor diet without any need for expert medical testimony. White argues that Defendants have not shown that the jury needs an expert to understand that "a diet of junk food causes bowel dysfunction and weight loss," and that causation is an inference that the jury can make when White testifies about what he ate and how he felt. (Doc. 149, at 5).

Here, the court will **DENY IN PART** Defendants' motion. (Doc. 136). White will be permitted to describe the things he ate and the symptoms he experienced thereafter. However, evidence of his resulting medical diagnosis, if any, and its causes are inadmissible unless supported by expert testimony. *See Ferrit v. Pa Fed'n Bhd. of Maint. of Way Emps.*, 153 F.Supp.2d 736, 746 (E.D.Pa. 2001). "It is well settled that when 'the complexities of the human body place questions as to the cause of pain or injury beyond the knowledge of the average layperson . . . the law requires that expert medical testimony be employed.'" *Id.* (quoting *Redland Soccer Club v. Dep't of the Army of the U.S.*, 55 F.3d 827 (3d Cir. 1995)). White has not indicated that he intends to introduce evidence of a specific diagnosis; however, in the event he does, the court will evaluate at that time whether or not the jury can draw a reasonable inference of causation without expert testimony. *See Bushman v. Halm*, 798 F.2d 651, 658 (3d Cir. 1986) (holding that a lay person can determine causation where a broken leg was sustained

- 10 -

in a car accident but should be aided by expert testimony to link a psychiatric illness to its cause). Thus, the court will **RESERVE FURTHER RULING** on the motion with respect to any evidence of a diagnosis until trial.

### (d). *Evidence that Defendants Permitted the December Fast and Religious Diet at SCI-Huntingdon*

Defendants argue that, given the only remaining claim in Count XI pertains to White's ability to have a post-fast communal feast, the fact that Defendants changed their policy during the pendency of this action to permit observance of the December fast and the special diet is inadmissible.

White argues that the evidence he seeks to introduce is not the change in written policy but "the *actual provision* of a daily halal diet and support for the December Fast *with no adverse consequences*." (Doc. 149, at 5). White asserts that the fact the requested accommodations, when granted, did not cause any negative impact to a legitimate penological interest shows that Defendants fail the *Turner* test and that their earlier infringements were impermissible. *See Turner v. Safley*, 482 U.S. 78, 89-90 (1987) (holding that a prison regulation which impinges on an inmate's constitutional rights is valid if it is reasonably related to a legitimate penological interest).

Rule 407 of the Federal Rules of Evidence holds that, "[w]hen measures are taken that would have made an earlier injury or harm less likely

to occur, evidence of the subsequent measures is not admissible to prove . . . culpable conduct . . . ." Fed.R.Evid.407. "Rule 407 rests on the strong public policy of encouraging manufacturers to make improvements for greater safety." *Diehl v. Blaw-Knox*, 360 F.3d 426, 429 (3d Cir. 2004) (internal quotation marks omitted). "The other, and more impressive, ground for exclusion rests on a social policy of encouraging people to take, or at least not discouraging them from taking, steps in furtherance of added safety." Fed.R.Evid.407 advisory committee's note.

The court again agrees with Defendants and will **GRANT** the motion, (Doc. 136), with respect to this evidence. The new prison policy allowing inmates to observe a halal diet and the December fast are measures taken after the onset of this case which, had they existed at the time, would have avoided this litigation. *See Dickerson v. Prison Health Servs.*, 495 Fed.App'x 154, 157 (2d Cir. 2012) (noting a change in prison policy that postdated the filing of the complaint could not be offered to show culpable conduct); *Ford v. Schmidt*, 577 F.2d 408, 410-11 (7th Cir. 1978) (holding a district court properly excluded evidence of a change in prison mail policy implemented after the onset of the case that would have avoided the litigation). Accordingly, White will not be permitted to mention the fact that Defendants changed their policy to allow inmates to observe a halal diet and the December fast in order to show culpability.

### (e). *Evidence of White's Misconduct*

White argues that Defendants should be precluded from introducing evidence of his prison misconduct charges, since it is irrelevant to the issues at trial and prejudicial. This motion is not opposed by Defendants who indicate that they do not intend to introduce any such evidence. Accordingly, White's motion, (Doc. 141), is **GRANTED**.

### (f). *Evidence Not Disclosed*

In this motion, White seeks an order barring Defendants from introducing any evidence that was not initially disclosed under Rule 26(a) of the Federal Rules of Civil Procedure. A party "must make [expert testimony disclosures] at the times and in the sequence that the court orders." Fed.R.Civ.P.26(a)(2)(D). Under Rule 37(c)(1), "if a party fails to provide information or identify a witness as required by Rule 26(a) . . . the party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless." Fed.R.Civ.P.37(c). It is the burden of the untimely-producing party to prove substantial justification or harmlessness. *Bryant v. Wilkes-Barre Hosp. Co., LLC*, No. CV 3:14-1062, 2016 WL 3615264, at *8 (M.D. Pa. July 6, 2016).

Here, Defendants argue that they are aware of their obligations under Rule 26 and that the inability to introduce such evidence is a possible

- 13 -

sanction for violation of the rules of procedure. Given that Defendants have indicated their awareness of their duties under Rule 26 and Rule 37, and that they have not yet sought to introduce any evidence violative of those rules, the court does not find that it is necessary to grant White's motion at this time. Of course, White is entitled to renew his motion should this issue come up in the future. Accordingly, White's motion, (Doc. 143), is **DENIED**.

### (g).  *White's Attire*

White notes that he is an inmate whose ordinary place of confinement is SCI-Huntingdon, where his normal prison attire is a chocolate brown shirt and trousers, as well as a white religious cap called a *kufi*. White anticipates that he will be transported to SCI-Dallas for trial and will be issued an orange jumpsuit and plastic slippers, which he feels are inappropriate attire for court and will distract the jury. Instead, White wishes to wear his normal, everyday clothing—*i.e.*, his prison "browns," his own shoes and socks, and his *kufi*.

Additionally, White anticipates that, during transport to the courthouse, he will be shackled hand and foot and potentially be fitted with a belt that can administer an electric shock. White asks that during trial, at times when the jury is present, his ankle and wrist restrains be removed so that he can move and gesture and a normal manner. White contends that security will not be unduly compromised because he can still wear the electric shock belt.

This motion, (Doc. 143), will be **DENIED IN PART**. With respect to attire, the court declines to get involved in directing the Bureau of Prisons to issue a particular color of uniform to White. White's attorney, however, is permitted to provide street clothes for White to wear at trial should she choose to do so. Finally, with respect to physical security measures including any restrains to be used in the courtroom, the court will **RESERVE FURTHER RULING** on the matter until trial.

## IV.    CONCLUSION

Defendants' motion *in limine*, (Doc. 136), is **GRANTED IN PART** and **DENIED IN PART**, as set forth above. White's motion *in limine* regarding his prior felony conviction, (Doc. 139), is **DENIED**; his motion *in limine* regarding his prison misconduct history, (Doc. 141), is **GRANTED**; his motion *in limine* regarding evidence not disclosed, (Doc. 143), is **DENIED**; and his motion *in limine* regarding his courtroom appearance, (Doc. 145), is **DENIED IN PART** and the court will **RESERVE FURTHER RULING** on the remainder of the motion until trial. An appropriate order will issue.


s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: November 10, 2020**
16-0675-02

- 15 -